# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY<br>AND ETHICS IN WASHINGTON,<br>455 Massachusetts Ave., N.W.<br>Washington, D.C. 20001<br><br>      Plaintiff,<br><br>      v.<br><br>U.S. ENVIRONMENTAL PROTECTION<br>AGENCY,<br>1200 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20460<br><br>      Defendant. | Civil Action No. _____ |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") challenges the refusal of the U.S. Environmental Protection Agency ("EPA") to disclose to CREW in response to a FOIA request records pertaining to ethics advice EPA's ethics advisor has given to EPA Administrator Scott Pruitt.

2. This case seeks declaratory relief that EPA is in violation of the FOIA, 5 U.S.C. § 552(a)(3)(a), by refusing to provide CREW all responsive, non-exempt documents, and injunctive relief ordering defendant EPA to process and release to CREW immediately the requested records.

### Jurisdiction and Venue

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

### Parties

4. Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

5. Defendant EPA is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701. EPA has possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA requests.

### Factual Background

6. President Trump's selection of Scott Pruitt to head EPA has been controversial since it was first announced on December 8, 2016. As attorney general for Oklahoma, Mr. Pruitt pushed hard against EPA regulations, and joined 14 lawsuits challenging the plan of the Obama administration to reduce greenhouse gas emissions.

7. Publication of Mr. Pruitt's financial disclosure report (Form 278) prompted nine senators to write to Walter Shaub, Jr., then-director of the Office of Government Ethics, to raise concerns about the potential ethics issues then-nominee Pruitt would face.

8. By letter dated January 3, 2017, Mr. Pruitt advised EPA's designated agency ethics official of the steps he would take to avoid any actual or apparent conflict of interest. He committed to first obtaining a written waiver before participating personally and substantially in any particular matter in which he knows he has a financial interest directly or predictably affected by the matter.

9. Notwithstanding this commitment, President Trump through an executive order directed Administrator Pruitt to review the Clean Water Rule and propose a final rule that would revise or rescind it. This raised concerns about whether, consistent with his promised recusal, Administrator Pruitt may properly carry out President Trump's directive, which overlaps with a lawsuit he joined in his capacity as Oklahoma attorney general. These concerns also were addressed in a letter to Administrator Pruitt sent by six senators on March 21, 2017.

10. To assess the extent to which Administrator Pruitt is complying with his recusal pledge and his ethical obligations, CREW sent a FOIA request by facsimile to EPA on March 30, 2017. CREW requested records of all communications from December 8, 2016, to the present between Administrator Pruitt and EPA's designated agency ethics officer.

11. CREW sought a waiver of fees associated with processing its request, explaining the requested records would shed light on the extent to which Administrator Pruitt is complying with his recusal pledge, and would increase public knowledge about whether and the extent to which Administrator Pruitt is acting based on ethics advice provided him by EPA's designated agency ethics official.

12. By letter dated March 31, 2017, EPA advised CREW there are no charges associated with processing its request, which does not reach the minimum billable amount. EPA further advised the Administrator's Office would be responding to the request.

13. During a telephone conversation on May 19, 2017, and memorialized in an email of that same date, CREW explained that its request was related to communications about ethics matters. CREW further explained that it was seeking communications between Ms. Fugh and Administrator Pruitt, based on EPA's representation that she was the individual who discussed ethics-related matters with Administrator Pruitt. CREW also further agreed to narrow its request to communications from the day of Mr. Pruitt's confirmation, February 17, 2017, to the present.

14. The parties have corresponded since, but Defendant EPA has provided CREW with no estimate of when processing of CREW's FOIA will begin.

15. In the meantime, additional questions have been raised about Administrator Pruitt's compliance with applicable ethics rules. These include his renting a room in a townhouse located in a prime Capitol Hill location from veteran lobbyists at a rate well below rates charged for comparable housing.

16. On March 30, 2018, EPA released a memorandum entitled "Review of Lease Agreement Under the Federal Ethics Regulations Regarding Gifts" from EPA Designated Agency Ethics Official Kevin S. Minoli to EPA General Counsel Matthew Z. Leopold. The memorandum asserts that because Administrator Pruitt's lease amounted to the equivalent of $1,500 a month, the rental cost was reasonable market value and therefore not a gift.

17. Ms. Fugh is not listed as an author of the March 30, 2018 memorandum. For that reason, there appears to be at least one individual other than her—Mr. Minoli—who has supplied ethics advice regarding Administrator Pruitt.

18. The parties have since agreed by email dated April 4, 2018 that Plaintiff's FOIA request would be construed to include "any designated agency ethics official" who has discussed ethics-related matters with Administrator Pruitt, including Mr. Minoli.

## PLAINTIFF'S CLAIM FOR RELIEF

### (Wrongful Withholding of Non-Exempt Records)

19. Plaintiff repeats and re-alleges the preceding paragraphs.

20. In its March 30, 2017 FOIA request, plaintiff properly asked for records within the custody and control of EPA.

21. Defendant EPA wrongfully withheld from disclosure agency records requested by plaintiff in its March 30, 2017 FOIA request.

22. By failing to release the records as plaintiff specifically requested, defendant violated the FOIA.

23. Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the records requested in its March 30, 2017 FOIA request—including communications between Justina Fugh, Kevin Minoli, or other EPA ethics official and Administrator Pruitt.

### Requested Relief

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Order defendant EPA to immediately and fully process plaintiff's March 30, 2017 FOIA request and disclose all non-exempt documents immediately to plaintiff;

(2) Issue a declaration that plaintiff is entitled to immediate processing and disclosure of the records requested in its March 30, 2017 FOIA request;

(3) Provide for expeditious proceedings in this action;

(4) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5) Award plaintiff its costs and reasonable attorneys' fees in this action; and

(6) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Conor M. Shaw
(D.C. Bar No. 1032074)
Anne L. Weismann
(D.C. Bar No. 298190)
Adam J. Rappaport
(D.C. Bar No. 479866)
Citizens for Responsibility and Ethics
    in Washington
455 Massachusetts Ave., N.W.
Washington, D.C. 20001
Phone: (202) 408-5565
Facsimile: (202) 588-5020

Dated: May 1, 2018

*Attorneys for Plaintiff*